**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:05-CV-48-FL(1)**

RICHARD P. NORDAN, as Ancillary Administrator for the separate Estates of STEPHEN S. HELVENSTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO and WESLEY J. K. BATALONA,

Plaintiff,

v.

BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; BLACKWATER LODGE AND TRAINING CENTER, INC., a Delaware Corporation, JUSTIN L. McQUOWN, an individual; and THOMAS POWELL, an individual,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISSOLVE *EX PARTE* STATE COURT ORDERS PERMITTING NOTICE OF DEPOSITION**

Pursuant to 28 U.S.C. § 1450 and E.D.N.C. Local Rule 7.1, Defendants Blackwater Security Consulting, LLC, and Blackwater Lodge and Training Center, Inc. ("Blackwater") submit this Memorandum of Law in Support of the Motion To Dissolve *Ex Parte* State Court Orders Permitting Plaintiff to Notice a Deposition prior to January 28, 2005.

Plaintiff filed the instant suit in Wake County Superior Court on January 5, 2005. On January 24, 2005, Blackwater removed the case to this Court. Prior to service on any Defendant, Plaintiff obtained an *ex parte* order from Judge Donald W. Stephens of Wake County on January 11, 2005. The Order permitted the service of a Notice of Deposition on John Potter prior to January 28, 2005. (Attached hereto as Exhibit A). The Order did not address the deposition itself but merely permitted a Notice to issue.

Dockets.Justia.com

On January 11, 2005, Plaintiff filed a Notice to take the deposition of Mr. Potter on January 28, 2005, in Anchorage, Alaska. (Attached hereto as Exhibit B). Plaintiff obtained another *ex parte* order from Judge Evelyn W. Hill of Wake County commissioning the state court of Alaska to administer the noticed deposition on January 21, 2005. (Attached hereto as Exhibit C). Mr. Potter has been scheduled since November of 2004 to return to Iraq on a classified mission this month. While Blackwater Training Center was served on January 11, 2005, Defendant McQuown was not served until January 18, and Mr. Powell has not yet been served.

On information and belief, as of January 25, 2005, Mr. Potter, who is neither an officer, executive, nor director of Blackwater, has neither been served with the Notice of Deposition nor Subpoenaed. This effectively forecloses Plaintiff's ability to take a deposition of Mr. Potter prior to January 28, 2005, and renders Plaintiff's Notice of Deposition a nullity. Nonetheless, pursuant to 28 U.S.C. § 1450, Blackwater requests that this Court dissolve the *ex parte* orders of the State court permitting a Notice of Deposition to issue before January 28, 2005, because all Defendants have not been served and no Defendant has responded to the Complaint.

Federal Rule of Civil Procedure 26(d) provides that a party generally "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." The Rule 26(f) Conference contains its own procedural requirements: The deadline for parties to confer and prepare their Rule 26(f) report is not set until the Court orders a scheduling conference or sets a deadline for a scheduling order pursuant to Federal Rule of Civil Procedure 16(b). Furthermore, E.D.N.C. Local Rule 26.1(b) requires that discovery in civil actions be conducted in "accordance with the order entered pursuant to Fed. R. Civ. P. 16."

The prerequisites for discovery under the Federal Rules and local rules have not been met. Those rules contemplate an orderly period of discovery after answer or responsive pleadings. Allowing a deposition to be noticed before all Defendants have even been served, and when no Defendant has had adequate time to prepare for a deposition, given the nascent stage of the litigation, would unduly prejudice all Defendants.

The foregoing reasons warrant entry of an Order by this Court dissolving the *Ex Parte* State Court Orders permitting a Notice of Deposition to issue outside of the regular procedures of Rule 26(f) and Local Rule 26.1(b). Consequently, pursuant to 28 U.S.C. § 1450, Blackwater moves this Court to dissolve the *ex parte* orders of the Wake County Superior Court.

This the 26th day of January, 2005.

WILEY REIN & FIELDING LLP

By: [signature]
Fred. F. Fielding
D.C. Bar No. 099296
Margaret A. Ryan
CO Bar No. 034687
1776 K Street NW
Washington, DC 20006
TEL: 202.719.7000
FAX: 202.719.7049

SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, LLP

By: [signature]
Kirk G. Warner
N.C. State Bar No. 16238
Mark A. Ash
N.C. State Bar No. 13967
P.O. Box 2611
Raleigh, North Carolina 27602
TEL: 919.821.1220
FAX: 919-821-6800

*Attorneys for Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this date served the foregoing Memorandum of Law in Support of the Motion To Dissolve *Ex Parte* State Court Orders upon all other parties to this cause by U.S. Mail, addressed to the following parties:

David F. Kirby
William B. Bystrynski
Kirby & Holt, LLP
Post Office Box 31665
Raleigh, North Carolina 27622

Daniel J. Callahan
Brian J. McCormack
Marc P. Miles
Callahan & Blaine, APLC
3 Hutton Centre Drive, Suite 900
Santa Ana, California 92707
*Attorneys for Plaintiff*

This the 26th day of January, 2005.

Kirk G. Warner

NORTH CAROLINA

WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
05 CVS 000173

RICHARD P. NORDAN, as Ancillary Administrator for the separate Estates of STEPHEN S. HELVENSTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO and WESLEY J.K. BATALONA,

Plaintiffs,

v.

BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; BLACKWATER LODGE AND TRAINING CENTER, INC., a Delaware Corporation, JUSTIN L. MCQUOWN, an individual; and THOMAS POWELL, an individual,

Defendants.

**ORDER SHORTENING TIME FOR NOTICE OF DEPOSITION**

THIS MATTER coming on for hearing on plaintiffs' ex parte motion to shorten the notice needed for deposition, and the Court, having reviewed the motion and the affidavit submitted by the plaintiffs:

THE COURT hereby allows the plaintiffs' motion to shorten the time for notice of the deposition of John Potter. Plaintiff is to serve notice of deposition on or before January 28, 2005.

This the 11 day of January, 2005.

[signature]
Superior Court Judge Presiding

PRDK119790.014

NORTH CAROLINA

WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
05 CVS 000173

RICHARD P. NORDAN, as Ancillary Administrator for the separate Estates of STEPHEN S. HELVENSTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO and WESLEY J.K. BATALONA,

Plaintiffs,

v.

BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; BLACKWATER LODGE AND TRAINING CENTER, INC., a Delaware Corporation, JUSTIN L. MCQUOWN, an individual; and THOMAS POWELL, an individual,

Defendants.

**DEPOSITION NOTICE**

YOU ARE HEREBY NOTIFIED THAT on January 28, 2005, beginning at 10:00 a.m., at Northern Lights Real Time & Reporting, 3819 Hampton Drive, Anchorage, Alaska, 99504 [(907) 337-2221,] I will take the video taped deposition of John Potter, upon oral examination, pursuant to Rules 26 and 30 of the North Carolina Rules of Civil Procedure. The deposition will be taken before a Notary Public or some other officer duly authorized by law to take depositions.

Pursuant to Rule 30(b)(2) of the North Carolina Rules of Civil Procedure, this deposition must be conducted prior to the expiration of the 30-day period after service of the summons and complaint in this matter, as the deponent is about to leave the United States. The undersigned,

Daniel J. Callahan, contacted the deponent on or about January 5, 2005, for the purpose of confirming his location of residence to eventually conduct his deposition. During that conversation, the deponent refused to speak to the undersigned and insisted that he will not be around to be deposed anyway, in that he is leaving the country for Iraq within the next three (3) weeks or so, and does not know when he will be returning to the United States.

Dated: January 10, 2005

**CALLAHAN & BLAINE, APLC**

By: ______________________
DANIEL J. CALLAHAN
BRIAN J. McCORMACK
MARC P. MILES
3 Hutton Centre Drive, Suite 900
Santa Ana, California 92707
(714) 241-4444
Attorneys for Plaintiff
RICHARD P. NORDAN, as the Ancillary Administrator of the separate Estates of STEPHEN S. HELVENSTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO and WESLEY J.K. BATALONA

Dated: January 10, 2005

**KIRBY & HOLT, LLP**

By: ______________________
DAVID F. KIRBY
WILLIAM B. BYSTRYNSKI
3201 Glenwood Avenue, Suite 100
Raleigh, North Carolina 27612
(919) 881-2111
Attorneys for Plaintiff
RICHARD P. NORDAN, as the Ancillary Administrator of the separate Estates of STEPHEN S. HELVENSTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO and WESLEY J.K. BATALONA

G:\2525\2525-02\Disc\Potter Depo Ntc.wpd

NORTH CAROLINA

WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
05 CVS 000173

RICHARD P. NORDAN, as Ancillary Administrator for the separate Estates of STEPHEN S. HELVENSTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO and WESLEY J.K. BATALONA,

Plaintiffs,

v.

BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; BLACKWATER LODGE AND TRAINING CENTER, INC., a Delaware Corporation, JUSTIN L. MCQUOWN, an individual; and THOMAS POWELL, an individual,

Defendants.

**ORDER FOR COMMISSION TO TAKE DEPOSITION**

FILED
2005 JAN 21 AM 10: 43
WAKE COUNTY, C.S.C.
BY______

FROM THE PEOPLE OF THE STATE OF NORTH CAROLINA, TO COMMISSIONER OR COURT REPORTER ASSOCIATED WITH NORTHERN LIGHTS REAL TIME & REPORTING:

WHEREAS, it appears to the Superior Court of the State of North Carolina, County of Wake, from the application of Stephen S. Helvenston, Mike R. Teague, Jerko Gerald Zovko and Wesley J. K. Batalona, that John Potter of Anchorage, Alaska, is a material witness in the action currently pending in this Court, and that the testimony of the witness can now be taken by Deposition; this Court appoints you a commissioner to examine the witness.

This Court requests that process issue in Anchorage, Alaska, requiring attendance and enforcing the obligations of the witness to produce documents and answer questions.

You are authorized and empowered on January 28, 2005, at 10:00 a.m. local time, at 3819 Hampton Drive, Anchorage, Alaska, 99504, to administer under oath to the witness and to cause the testimony of the witness on oral examination to be videographically recorded and reduced to writing and subscribed by the witness, and to certify the deposition to the above-entitled court and forward it in a sealed envelope, endorsed with the title of this action and marked "Deposition of John Potter, to David F. Kirby, attorney for Plaintiff Richard P. Nordan, Ancillary Administrator of the Estates of Stephen S. Helvenston, Mike R. Teague, Jerko Gerald Zovko and Wesley J. K. Batalona at Kirby & Holt, L.L.P., P. O. Box 31665, Raleigh, North Carolina, 27622."

This the 21 day of January, 2005.

Evelyn W. Hill
Superior Court Judge Presiding