IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. <u>5:05-CV-48-FL(1)</u>



FILED
FEB 0 1 2005
CLERK
US DISTRICT COURT, EDNC
BY_____ DEP. CLK

| | |
|---|---|
| Richard P. Nordan, as Ancillary Administrator for the separate Estates of STEPHEN H. HELVENSTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO and WESLEY J. K. BATALONA,<br><br>Plaintiff,<br><br>v.<br><br>BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; BLACKWATER LODGE AND TRAINING CENTER, INC. a Delaware Corporation, JUSTIN L. McQUOWN, an individual; and THOMAS POWELL, an individual,<br><br>Defendants. | **DEFENDANT JUSTIN L. McQUOWN'S MEMORANDUM LAW IN SUPPORT OF MOTION TO DISMISS** |

<u>**DEFENDANT JUSTIN L. McQUOWN'S**</u>
<u>**MEMORANDUM OF LAW IN SUPPORT OF**</u>
<u>**MOTION TO DISMISS**</u>

Defendant, Justin L. McQuown, files the following Memorandum of Law in support of his Motion to Dismiss in connection with the above-referenced matter.

<u>**BACKGROUND**</u>

Plaintiff, Richard P. Nordan ("Plaintiff"), filed the Complaint as Ancillary Administrator of the Estates of Steven S. Helvenston, Mike Teague, Jerko Gerald Zovko

and Wesley J.K. Batalona ("Decedents"). For purposes of this Motion, the relevant allegations in the Complaint are:

- Each of the Decedents was engaged by Blackwater Security Consulting LLC and/or Blackwater Lodge and Training Center, Inc. (collectively, "Blackwater") to provide protective services in Iraq. Complaint, ¶ 12.

- Blackwater, along with Regency Hotel and Hospital Company, entered into a contract with ESS Support Services Worldwide, Eurest Support Services (Cyprus) International, Ltd. ("ESS") to provide security services for ESS's operations. Complaint, ¶ 22.

- ESS provides catering support services and design and building services to U.S. Armed Forces and other U.S. contracting agencies in Iraq and Kuwait. Complaint, ¶ 18.

- Defendant, Justin L. McQuown ("McQuown"), was an employee of Blackwater at the relevant time. Complaint, ¶ 27.

- Decedents were murdered by Iraqi insurgents on March 31, 2004. Complaint, ¶ 12.

In essence, Plaintiff seeks to hold Blackwater, and two Blackwater employees, McQuown and Thomas Powell, responsible for Decedents' murders.

Although Decedents' deaths were indeed tragic, there is no legal or factual basis for the claims Plaintiff is attempting to assert on Decedents' behalf. At this point in the proceedings obviously the Court assumes the accuracy of the factual allegations in the Complaint. Accordingly, even though the Complaint is riddled with factual inaccuracies, McQuown will not raise those issues at this time. However, the legal defects in the case

preclude Plaintiff from being able to state a claim for relief and accordingly, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the case should be dismissed.

## LEGAL ARGUMENT

In its Memorandum of Law in Support of its Motion to Dismiss, Blackwater explains in detail why the Defense Base Act, 42 U.S.C. § 1651, provides the exclusive remedy available to Plaintiff and precludes the claims asserted here. McQuown adopts and incorporates by reference those arguments herein. *See, e.g., Davila-Perez v. Lockheed Martin Corp.*, 202 F.3d 464, 468 (1st Cir. 2000) (plaintiffs' claims barred by Defense Base Act); *Moore v. Phillips Petroleum Co.*, 912 F.2d 789, 791 (5th Cir. 1990) (plaintiff's exclusive remedy against employer was under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 933 ("LHWCA")); *Colon v. United States Dep't of Navy*, 223 F. Supp. 2d 368, 370 (D.P.R. 2002) (LHWCA provides exclusive remedy to injured employee; employer entitled to immunity).

The Defense Base Act incorporates the LHWCA. *See* 42 U.S.C. § 1651(a). 33 U.S.C. § 933(i) confirms that the right to compensation under the LHWCA is exclusive and precludes any claims against fellow employees.

(i) **Right to Compensation as Exclusive Remedy**.

> The right to compensation or benefits under this Act shall be the exclusive remedy to an employee when he is injured, or to his eligible survivors or a legal representatives if he is killed, by the negligence or wrong of any other person or persons in the same employ: *Provided* That this provision shall not affect the liability of a person other than an officer or an employee of the employer.

One of the leading cases confirming that Section 933(i) precludes claims against fellow employees is *Sharp v. Elkins*, 616 F. Supp. 1561 (W.D. La. 1985). In *Sharp*, an employee who had been injured on an off-shore oil rig sued his employer and two fellow

3

employees who allegedly negligently denied him treatment for an injury to his hand, which resulted in a permanent injury. The court, in granting summary judgment and denying a motion to remand, discussed the provisions of the LHWCA in length. After analyzing the statutory scheme in detail, the court focused on the immunity of the individual defendant under Section 933(i):

> This leads us back to the immunity a fellow employee enjoys under § 933(i). Since an injury caused by the intentional tort of a fellow worker is compensable under the Act, no disservice is done to the injured employee by upholding § 933(i) immunity. He is certain to receive compensation regardless of fault and has saved the time, expense and perils of litigation. Also he receives the benefits of § 933(i) immunity when and if *he* injures a fellow employee. Further, because that immunity exists, the employer cannot be put in the untenable situation of suing its own employee when and if the injured party's right to recover damages is automatically assigned to it under § 933(b).

616 F. Supp. at 1566-67. The court held: "the immunity afforded a fellow employee under 33 U.S.C. § 933(i) is complete and without exception in a civil case." *Id.* at 1567. The court granted the individual defendant's motion for summary judgment and denied the plaintiff's motion to remand.

By its express terms, the Defense Base Act precludes the claims asserted by Plaintiff against both Blackwater and McQuown. *See Davila-Perez, supra; Moore, supra; Colon, supra. See also Nations v. Morris,* 483 F.2d 577, 587 (Section 933(i) "completely obliterates" claim against fellow employee). Accordingly, the case should be dismissed. *See, e.g., Houston v. Bechtel Associates Professional Corp.,* 522 F. Supp. 1094, 1095 (D.D.C. 1981) (granting motion to dismiss claim against employer that it had "willfully, wantingly, recklessly, negligently and in violation of the applicable safety regulations exposed plaintiff to unusually high levels of silica dust, as a result of which he contracted silicosis.")

4

## CONCLUSION

The Court should dismiss the Complaint, and since the defects in the Complaint cannot be cured by amendment, the dismissal should be with prejudice.

February 1, 2005.

                              Respectfully submitted,

                              **Powell Goldstein LLP**

                              _____
                              Ralph J. Caccia
                              DC Bar No. 412557
                              William C. Crenshaw
                              DC Bar No. 968545
                              901 New York Ave., N.W.
                              Third Floor
                              Washington, D.C.  20001
                              202-624-7380 (phone)
                              202-624-7222 (fax)

                              **Cranfill, Sumner & Hartzog, LLP**

                              _____
                              Patricia L. Holland
                              Post Office Box 27808
                              Raleigh, North Carolina  27611-7808
                              Telephone:  (919) 828-5100
                              Facsimile:  (919) 828-2277
                              State Bar No. 8816
                              LR 83.1 Counsel

                    ATTORNEYS FOR JUSTIN L. MCQUOWN

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS in the above-entitled action on all of the parties to this cause by:

    _____    Hand delivering a copy hereof to the attorney for each said party addressed as follows:

    __X__    Depositing a copy hereof, postage prepaid, in the United States Mail, addressed to the attorney for each said party as follows:

    _____    Depositing a copy hereof with a nationally recognized overnight courier service, for overnight delivery, addressed to the attorney for each said party as follows:

    _____    Telecopying a copy hereof to the attorney for each said party as follows:

David F. Kirby, Esq.  
William B. Bystrynski, Esq.  
Kirby & Holt, LLP  
Post Office Box 31665  
Raleigh, North Carolina 27622  
*Attorneys for Plaintiff*

Daniel J. Callahan, Esq.  
Brian J. McCormack, Esq.  
Marc P. Miles, Esq.  
Callahan & Blaine, APLC  
3 Hutton Centre Dr., Ste. 900  
Santa Ana, California 92707  
*Attorneys for Plaintiff*

Fred F. Fielding, Esq.  
Margaret A. Ryan, Esq.  
WILEY REIN & FIELDING, LLP  
1776 K Street NW  
Washington, DC 20006

Mark A. Ash, Esq.  
Kirk G. Warner, Esq.  
SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P.  
Post Office Box 2611  
Raleigh, North Carolina 27602  
*Attorneys for Blackwater Lodge and Training Center, Inc., and Blackwater Security Consulting, LLC*

This the 1st day of February, 2005.

_____  
CRANFILL, SUMNER & HARTZOG, L.L.P.