IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:05-CV-48-FL(1)

| | |
|---|---|
| RICHARD P. NORDAN, as Ancillary Administrator for the separate Estates of STEPHEN S. HELVENSTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO and WESLEY J.K. BATALONA, <br><br> Plaintiffs, <br><br> v. <br><br> BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; BLACKWATER LODGE AND TRAINING CENTER, INC., a Delaware Corporation, JUSTIN L. McQUOWN, an individual, and THOMAS POWELL, an individual, <br><br> Defendants. | FILED <br> 2/3/05 <br> MICHAEL D. BROOKS, Acting Clerk <br> W. DANIEL, CLERK <br> DISTRICT COURT, EDNC <br><br><br> ORDER |

This matter is before the court on defendants' motion to dissolve *ex parte* state court orders permitting notice of deposition. Because plaintiff was made aware that deponent was about to leave the United States, plaintiff sought and obtained an *ex parte* order from the Wake County Superior Court, granting leave to notice the deposition before 30 days had expired after the service of the summons and complaint upon any defendant. See North Carolina R.Civ.P. 30(a).

Defendants correctly argue that under the Federal Rules of Civil Procedure, depositions are not normally permitted until the parties have conferred as required by Rule 26(f). See Fed.R.Civ.P. 26(d). Defendants fail to take into account, however, that under Rule 30(a)(2)(C) of the Federal Rules (as well as Rule 30(a) of the North Carolina Rules), depositions may be taken without the

leave of court if the notice contains "a certification, with supporting facts, that the person to be examined is expected to leave the United States and be unavailable for examination in this country unless deposed before that time." Fed.R.Civ.P. 30(a)(2)(C). Defendants have not disputed that the notice contains such a certification and supporting facts. Therefore the deposition plaintiff seeks is proper under both the state and federal rules, and defendants' motion must be denied.[1]

SO ORDERED, this 2nd day of February, 2005.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[1] Plaintiff is reminded, however, that under Fed.R.Civ.P. 32(a),
> [a] deposition taken without leave of court pursuant to a notice under Rule 30(a)(2)(C) shall not be used against a party who demonstrates that, when served with the notice, it was unable through the exercise of diligence to obtain counsel to represent it at the taking of the deposition; nor shall a deposition be used against a party who, having received less than 11 days notice of a deposition, has promptly upon receiving such notice filed a motion for a protective order under Rule 26(c)(2) requesting that the deposition not be held or be held at a different time or place and such motion is pending at the time the deposition is held.

The North Carolina Rules similarly restrict the use of a deposition against a party who was not represented or present at that deposition, unless the party received reasonable notice thereof. See N.C.R.Civ.P. 32(a).

2