THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:05-CV-48 FL (1)

FEB 2 2 2005

| | |
|---|---|
| RICHARD P. NORDAN, as Ancillary Administrator for the separate Estates of STEPHEN S. HELVENSTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO and WESLEY J.K. BATALONA,<br><br>Plaintiffs,<br><br>v.<br><br>BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; BLACKWATER LODGE AND TRAINING CENTER, INC., a Delaware Corporation, JUSTIN L. MCQUOWN, an individual; and THOMAS POWELL, an individual,<br><br>Defendants. | **PLAINTIFF'S EVIDENTIARY OBJECTIONS TO EVIDENCE SUBMITTED BY BLACKWATER DEFENDANTS IN SUPPORT OF THEIR MOTION TO DISMISS** |

**COMES NOW** the Plaintiff in the above-entitled action, and hereby submits the following evidentiary objections to Exhibits "A" and "B," attached to the Blackwater Defendants' Memorandum of Law in support of their Motion to Dismiss.

1. **Compensation Order (Exhibit "A")**: Plaintiff hereby objects to the Compensation Order attached as Exhibit "A," in that it lacks foundation and the authenticity required by Federal Rules of Evidence 901 and 902. In addition, and it does not meet the requirements for taking judicial notice, pursuant to Federal Rules of Evidence 201(b).

1

First, there is no evidence presently before this court laying the foundation or establishing the authenticity of this document. "The requirement of authenticity or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Federal Rules of Evidence 901.

In the instant case, the record before the court is devoid of any evidence establishing the authenticity of Exhibit "A." Instead, it is merely attached to the Defendants' Memorandum of Law as an exhibit, without any affidavit or declaration as to its origin, source or authenticity.

Moreover, Exhibit "A" does not qualify as a self-authenticating document under Federal Rules of Evidence 902. First, it does not fall under Rule 902(1), in that Exhibit "A" does not contain any official seal from the purported United States department. Second, it does not fall under Rule 902(2), in that there is no certification from a public officer under seal, which might authenticate the document. Thus, it is respectfully requested that the court exclude Exhibit "A" from evidence for lack of foundation and authenticity.

Second, due to the lack of evidence laying a foundation and establishing the authenticity of Exhibit "A," it does not meet the threshold requirements for taking judicial notice. Federal Rules of Evidence 201(b) provides that a judicially noticed fact "must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Here, due to the lack of foundation and authenticity of the document, in that there is no evidence of the origin or source of the document, it bears no official seal, and is not a certified copy, Exhibit "A" is not capable of accurate and ready determination as to the facts contained

therein. Hence, it is respectfully requested that the court deny the Defendants' request for judicial notice of Exhibit "A."

2. **Four Independent Contractor Service Agreements (Exhibit "B")**: Plaintiff hereby objects to the admission into evidence of the four Independent Contractor Service Agreements attached collectively as Exhibit "B," in that they lack foundation and the authenticity required by Federal Rules of Evidence 901.

There is no evidence presently before this court establishing the authenticity or validity of these documents. "The requirement of authenticity or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Federal Rules of Evidence 901.

In the instant case, the record before the court is devoid of any evidence establishing the authenticity of the Agreements attached as Exhibit "B." In addition, there is nothing laying the foundation for these documents to be introduced as evidence in this case. Instead, they are merely attached to the Defendants' Memorandum of Law as an exhibit, without any affidavit or declaration as to their origin, source or authenticity.

In sum, both Exhibits "A" and "B" fail to meet the evidentiary requirements admissibility, and thus it is respectfully requested that the court sustain the objections herein and exclude them from the court's consideration of the motion to dismiss.

This 21st day of February 2005.

                                                                    **CALLAHAN & BLAINE, APLC**

By: _____
DANIEL J. CALLAHAN (Cal. Bar No. 91490)
BRIAN J. McCORMACK (Cal. Bar No. 167547)

```
                        MARC P. MILES (Cal. Bar No. 197741)
                        3 Hutton Centre Drive, Suite 900
                        Santa Ana, California 92707
                        (714) 241-4444
                        Fax: (714) 241-4445
                        Attorneys for Plaintiff
                        RICHARD P. NORDAN, as the Ancillary
                        Administrator of the separate Estates of STEPHEN
                        S. HELVENSTON, MIKE R. TEAGUE, JERKO
                        GERALD ZOVKO and WESLEY J.K.
                        BATALONA


                        KIRBY & HOLT, LLP

                   By:  _____
                        DAVID F. KIRBY (N.C. Bar No. 7841)
                        WILLIAM B. BYSTRYNSKI (N.C. Bar No. 20883)
                        P.O. Box 31665
                        Raleigh, North Carolina 27622
                        (919) 881-2111
                        Fax: (919) 781-8630
                        Attorneys for Plaintiff
                        RICHARD P. NORDAN, as the Ancillary
                        Administrator of the separate Estates of STEPHEN
                        S. HELVENSTON, MIKE R. TEAGUE, JERKO
                        GERALD ZOVKO and WESLEY J.K.
                        BATALONA
```

G:\2525\2525-02\Pleadings\Federal\Evidentiary Objctions.wpd

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing **Plaintiff's Evidentiary Objections to Evidence Submitted by Blackwater Defendants in Support of Their Motion to Dismiss** in the above-entitled action on all of parties to this cause by depositing a copy, postage prepaid, in the United States Mail, addressed as follows:

Fred F. Fielding
Margaret A. Ryan
*Attorneys for Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc.*
Wiley Rein & Fielding LLP
1776 K Street, NW
Washington, DC 20006

Kirk G. Warner
Mark A. Ash
*Attorneys for Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc.*
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP
P. O. Box 2611
Raleigh, NC 27602

Ralph J. Caccia
William C. Crenshaw
Don R. Berthiaume
*Attorneys for Justin L. McQuown*
Powell Goldstein, LLP
901 New York Avenue, NW, 3rd Floor
Washington, DC 20001

Patricia L. Holland
Rachel Esposito
*Attorneys for Justin L. McQuown*
Cranfill, Sumner & Hartzog, L.L.P.
P. O. Box 27808
Raleigh, NC 27611-7808

This is 22nd day of February, 2005.

William B. Bystrynski
Kirby & Holt, L.L.P.