


THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:05-CV-48 FL (1)

FILED
MAR 17 2005
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| | |
|---|---|
| RICHARD P. NORDAN, as Ancillary Administrator for the separate Estates of STEPHEN S. HELVENSTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO and WESLEY J.K. BATALONA, <br><br>　　　　Plaintiffs, <br><br>v. <br><br>BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; BLACKWATER LODGE AND TRAINING CENTER, INC., a Delaware Corporation, JUSTIN L. MCQUOWN, an individual; and THOMAS POWELL, an individual, <br><br>　　　　Defendants. | **PLAINTIFF'S EVIDENTIARY OBJECTIONS TO EVIDENCE SUBMITTED BY BLACKWATER DEFENDANTS IN SUPPORT OF THEIR OPPOSITION TO THE MOTION FOR REMAND** |

**COMES NOW** the Plaintiff in the above-entitled action, and hereby submits the following evidentiary objections to the evidence submitted by the BLACKWATER Defendants in support of their Opposition to the Motion for Remand.

A. **EVIDENCE**

1. **Declaration of Gary C. Jackson:**

Plaintiff hereby objects to the introduction into evidence of the contract entered into between Blackwater and Regency Hotel & Hospital Company, dated March 12, 2004, attached as

1

an unidentified exhibit to the Declaration of Gary C. Jackson, in that it is <u>not relevant</u> to the instant motion for remand.

For the purpose of determining whether there exists removal jurisdiction based upon a federal question, the court must *only* look to the facts and claims contained within the four corners of the Complaint, unaided by the notice of removal or any other extrinsic evidence. Almost a century ago, the U.S. Supreme Court instructed that "whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Taylor v. Anderson*, 234 U.S. 74, 75 (1914). "Indeed, the Complaint itself will not avail a basis of jurisdiction insofar as it goes beyond a statement of the Plaintiff's cause of action and anticipates or replies to a probable defense." *Gully v. First National Bank*, 299 U.S. 109, 113 (1936).

"When determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed." *Payne v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 75 Fed. Appx. 903, 906 (4th Cir., 2003); *see also Baines v. Danville*, 357 F.2d 756, 765-66 (4th Cir. 1966).

In 1974, the Third Circuit summarized 80 years of the U.S. Supreme Court's consistent decisions on this issue:

> In an unwavering series of cases from 1894 to 1974 the Supreme Court has emphasized that federal question jurisdiction must appear on the face of the complaint. If it does not appear there, "no statement in the petition for removal, . . . of the defendant corporation, can supply that want, under the [then] existing act of Congress." [citation.] "The controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal," [citation.] This

2

year the Court reiterated: "the federal questions 'must be disclosed upon the face of the complaint, unaided by the answer.'" [citation.] *La Chemise Lacoste v. Alligator Co.*, 506 F.2d 339, 343-344 (3rd Cir., 1974).

Consequently, since the court is strictly limited to a review of the facts contained in the Complaint, the facts in the notice of removal and evidence submitted in opposition to the motion for remand are completely irrelevant to the court's consideration of said motion. "Evidence which is not relevant is not admissible." *Federal Rules of Evidence* Rule 402. Hence, the subject evidence should be excluded from consideration.

2.  **Declaration of David V. Jackson:**

Plaintiff hereby objects to the introduction into evidence of the "Contracts between Blackwater Security Consulting LLC and Messrs Helvenston, Teague, Zovko and Batalona," attached to the Declaration of David V. Jackson collectively as Exhibit "A," and the "Travel Orders issued by the Office of the Secretary of Defense to Messrs. Helvenston and Teague," attached to the Declaration of David V. Jackson collectively as Exhibit "B," in that they are <u>not relevant</u> to the instant motion for remand.

For the purpose of determining whether there exists removal jurisdiction based upon a federal question, the court must *only* look to the facts and claims contained within the four corners of the Complaint, unaided by the notice of removal or any other extrinsic evidence. Almost a century ago, the U.S. Supreme Court instructed that "whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of

3

defenses which it is thought the defendant may interpose." *Taylor v. Anderson*, 234 U.S. 74, 75 (1914). "Indeed, the Complaint itself will not avail a basis of jurisdiction insofar as it goes beyond a statement of the Plaintiff's cause of action and anticipates or replies to a probable defense." *Gully v. First National Bank*, 299 U.S. 109, 113 (1936).

"When determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed." *Payne v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 75 Fed. Appx. 903, 906 (4th Cir., 2003); *see also Baines v. Danville*, 357 F.2d 756, 765-66 (4th Cir. 1966).

In 1974, the Third Circuit summarized 80 years of the U.S. Supreme Court's consistent decisions on this issue:

> In an unwavering series of cases from 1894 to 1974 the Supreme Court has emphasized that federal question jurisdiction must appear on the face of the complaint. If it does not appear there, "no statement in the petition for removal, . . . of the defendant corporation, can supply that want, under the [then] existing act of Congress." [citation.] "The controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal," [citation.] This year the Court reiterated: "the federal questions 'must be disclosed upon the face of the complaint, unaided by the answer.'" [citation.] *La Chemise Lacoste v. Alligator Co.*, 506 F.2d 339, 343-344 (3rd Cir., 1974).

Consequently, since the court is strictly limited to a review of the facts contained in the Complaint, the facts in the notice of removal and evidence submitted in opposition to the motion for remand are completely irrelevant to the court's consideration of said motion. "Evidence which is not relevant is not admissible." *Federal Rules of Evidence* Rule 402. Hence, the subject evidence should be excluded from consideration.

3.     **Declaration of Keith Flicker:**

Plaintiff hereby objects to the introduction into evidence of the following evidence attached as Exhibits "A" - "G" to the Declaration of Keith Flicker, in that they are <u>not relevant</u> to the instant motion for remand, and they lack foundation and authentication:

A.   *Zovko v. Blackwater Security Consulting* Dept. of Labor Case No. 02-135369, Compensation Order, Award of Compensation (Oct. 8, 2004), Form LS-19a;

B.   *In re Teague*, Dept. of Labor Memorandum of Informal Conference, Case No. 02-135368 (Feb. 25, 2005), Form LS-280;

C.   Claim for Death Benefits by Dependents of Stephen S. Helvenston, Form LS-262;

D.   Claim for Death Benefits by Dependents of Wesley K. Batalona, Form LS-262;

E.   Compensation Without Award Form for Dependents of Michael Teague, Case No. 02-135368, Form LS-206;

F.   Compensation Without Award Form for Dependents of Stephen Helvenston, Case No. 02-135370, Form LS-206;

G.   Compensation Without Award Form for Dependents of Wesley Batalona, Case No. 02-135371, Form LS-206;

For the purpose of determining whether there exists removal jurisdiction based upon a federal question, the court must *only* look to the facts and claims contained within the four corners of the Complaint, unaided by the notice of removal or any other extrinsic evidence. Almost a century ago, the U.S. Supreme Court instructed that "whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of

5

defenses which it is thought the defendant may interpose." *Taylor v. Anderson*, 234 U.S. 74, 75 (1914). "Indeed, the Complaint itself will not avail a basis of jurisdiction insofar as it goes beyond a statement of the Plaintiff's cause of action and anticipates or replies to a probable defense." *Gully v. First National Bank*, 299 U.S. 109, 113 (1936).

"When determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed." *Payne v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 75 Fed. Appx. 903, 906 (4th Cir., 2003); *see also Baines v. Danville*, 357 F.2d 756, 765-66 (4th Cir. 1966).

In 1974, the Third Circuit summarized 80 years of the U.S. Supreme Court's consistent decisions on this issue:

> In an unwavering series of cases from 1894 to 1974 the Supreme Court has emphasized that federal question jurisdiction must appear on the face of the complaint. If it does not appear there, "no statement in the petition for removal, . . . of the defendant corporation, can supply that want, under the [then] existing act of Congress." [citation.] "The controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal," [citation.] This year the Court reiterated: "the federal questions 'must be disclosed upon the face of the complaint, unaided by the answer.'" [citation.] *La Chemise Lacoste v. Alligator Co.*, 506 F.2d 339, 343-344 (3rd Cir., 1974).

Consequently, since the court is strictly limited to a review of the facts contained in the Complaint, the facts in the notice of removal and evidence submitted in opposition to the motion for remand are completely irrelevant to the court's consideration of said motion. "Evidence which is not relevant is not admissible." *Federal Rules of Evidence* Rule 402. Hence, the subject evidence should be excluded from consideration.

Additionally, prior court or administrative orders are not relevant to the issue of removal jurisdiction, even if the Defendants are arguing for claim preclusion. *See Beneficial National Bank*, 539 U.S. at 6; and *Rivet*, 522 U.S. at 477 ["In sum, claim preclusion by reason of a prior

6

federal judgment is a defensive plea that provides no basis for removal under §1441(b)."] Therefore, the above-described documents attached to the Declaration of Keith Flicker are not relevant and should be excluded from consideration of the instant motion for remand.

Finally, the above-described exhibits lack foundation and authentication. There is no evidence presently before this court laying the foundation or establishing the authenticity of these documents. "The requirement of authenticity or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." *Federal Rules of Evidence* Rule 901.

The fact that a person, such as Mr. Keith Flicker, hold himself out to practice in a certain area of law does not permit him to authentic official documents relating to that area of law. To accept such an authentication vehicle would be directly in contravention of *Federal Rules of Evidence* Rules 901 and 902.

Moreover, the above-described exhibits do not qualify as a self-authenticating documents under *Federal Rules of Evidence* 902. First, they do not fall under Rule 902(1), in that they do not contain any official seal from the United States Department of Labor. Second, they do not fall under Rule 902(2), in that there is no certification from a public officer under seal, which might authenticate the document. Thus, it is respectfully requested that the court exclude these exhibits from its consideration for lack of foundation and authenticity.

**B.    CONCLUSION**

All of the evidence attached to the Declarations of Gary C. Jackson, David V. Jackson, and Keith Flicker is completely irrelevant to the Court's consideration of the instant Motion for Remand, in that the analysis of removal jurisdiction turns strictly upon the facts and claims

contained in the Complaint, and **not** upon evidence submitted in opposition to the motion. Thus, it is respectfully requested that this court exclude said evidence from its consideration of the instant Motion for Remand.

This 15th day of March 2005.

                CALLAHAN & BLAINE, APLC

By: _____
DANIEL J. CALLAHAN (Cal. Bar No. 91490)
BRIAN J. McCORMACK (Cal. Bar No. 167547)
MARC P. MILES (Cal. Bar No. 197741)
3 Hutton Centre Drive, Suite 900
Santa Ana, California 92707
(714) 241-4444
Fax: (714) 241-4445
Attorneys for Plaintiff
RICHARD P. NORDAN, as the Ancillary Administrator of the separate Estates of STEPHEN S. HELVENSTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO and WESLEY J.K. BATALONA

                KIRBY & HOLT, LLP

By: _____
DAVID F. KIRBY (N.C. Bar No. 7841)
WILLIAM B. BYSTRYNSKI (N.C. Bar No. 20883)
P.O. Box 31665
Raleigh, North Carolina 27622
(919) 881-2111
Fax: (919) 781-8630
Attorneys for Plaintiff
RICHARD P. NORDAN, as the Ancillary Administrator of the separate Estates of STEPHEN S. HELVENSTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO and WESLEY J.K. BATALONA

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing **Plaintiff's Evidentiary Objections to Evidence Submitted by Blackwater Defendants in Support of Their Opposition to the Motion for Remand** in the above-entitled action on all of parties to this cause by depositing a copy, postage prepaid, in the United States Mail, addressed as follows:

Fred F. Fielding
Margaret A. Ryan
*Attorneys for Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc.*
Wiley Rein & Fielding LLP
1776 K Street, NW
Washington, DC 20006

Kirk G. Warner
Mark A. Ash
*Attorneys for Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc.*
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP
P. O. Box 2611
Raleigh, NC 27602

Ralph J. Caccia
William C. Crenshaw
Don R. Berthiaume
*Attorneys for Justin L. McQuown*
Powell Goldstein, LLP
901 New York Avenue, NW, 3rd Floor
Washington, DC 20001

Patricia L. Holland
Rachel Esposito
*Attorneys for Justin L. McQuown*
Cranfill, Sumner & Hartzog, L.L.P.
P. O. Box 27808
Raleigh, NC 27611-7808

This is ____ day of March, 2005.

David F. Kirby
Kirby & Holt, L.L.P.