Nordan, et al v. Blackwater Security, et al
Case 5:05-cv-00048-FL    Document 28    Filed 03/17/2005    Page 1 of 13
Doc. 28



THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:05-CV-48 FL (1)



| | |
|---|---|
| RICHARD P. NORDAN, as Ancillary Administrator for the separate Estates of STEPHEN S. HELVENSTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO and WESLEY J.K. BATALONA,<br><br>    Plaintiffs,<br><br>v.<br><br>BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; BLACKWATER LODGE AND TRAINING CENTER, INC., a Delaware Corporation, JUSTIN L. MCQUOWN, an individual; and THOMAS POWELL, an individual,<br><br>    Defendants. | **PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TO BLACKWATER DEFENDANTS' OPPOSITION TO MOTION FOR REMAND** |

The Plaintiff hereby submits this Memorandum of Law in reply to the BLACKWATER Defendants' Opposition to the Motion for Remand. This Reply Brief is filed concurrently with Evidentiary Objections to the evidence submitted by the BLACKWATER Defendants in opposition to the Motion for Remand.

## **INTRODUCTION**

The Court lacks subject matter jurisdiction over the instant action for the following reasons: (1) The facts and claims contained in the Complaint are the exclusive means by which to evaluate removal jurisdiction; (2) An anticipated defense, even federal preemption, does not equate to a claim "arising under" the Constitution, laws or treaties of the United States; (3) There is no clear Congressional intent for the Defense Base Act to "completely preempt" all state law claims; and (4) The Defense Base Act does not apply to this action. Hence, remand is proper.

While the Defendants submit a whole host of their own facts in the form of affidavits, exhibits, contracts and other documents, the instant motion for remand must be governed exclusively by the facts alleged in the complaint. Based upon the facts alleged in the Complaint, the Plaintiff has plead two exclusively state law causes of action for wrongful death and fraud. Any defenses which BLACKWATER may assert throughout the litigation do not create federal subject matter jurisdiction. This principle is a pillar of federal civil procedure. *See Taylor*, 234 U.S. at 75; *Franchise Tax Board*, 463 U.S. at 10; *Gully v. First National Bank*, 299 U.S. 109, 113 (1936); *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987); *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163 (1997); and *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 472 (1998).

The Defendants' opposition is replete with discussion about the Defense Base Act, the Longshore and Harbor Workers' Compensation Act ("LHWCA") and a myriad of extrinsic evidence containing facts found nowhere within the Complaint. What is absent from the Defendants' opposition is any reference to the two causes of action actually alleged in the Complaint or the factual allegations contained therein.

Defendants further contend that the Defense Base Act completely preempts any and all state law claims. In doing so, the Defendants piece together dicta from several remotely related

1

cases in a futile effort to establish a clear Congressional intent. However, there is no such clear intent from Congress regarding this Act, and a closer review of the cases cited by the Defendants reveals that the relied-upon language is simply non-controlling judicial dicta—which does not constitute an intent Congress did not otherwise formulate in passing the Defense Base Act.

Finally, the Defendants complain about the Plaintiff's devotion to the issue of coverage in the Motion for Remand, and even suggest that this Court not even consider the issue of whether the Defense Base Act covers the decedents. [*Opposition*: Page 13.] However, Plaintiff respectfully submits that if federal subject matter jurisdiction is to rest upon the Defense Base Act, it would be rather critical to determine whether the Act even applies to this instant action.

As a gross but compelling analogy, if the Defendants removed the case to federal court based upon the Copyright Act, it would be imperative to determine whether the Copyright Act covers the factual allegations contained in the Complaint. If it does not, removal based upon the Copyright Act would be clearly improper. Similarly, since the Defendants have removed this case based upon the Defense Base Act, it is imperative to determine whether the Defense Base Act applies to this instant action. If it does not apply to the facts articulated in the Complaint, removal would clearly be improper.

This point is further illustrated by a hypothetical. Suppose for a moment that this Court somehow finds jurisdiction over this case based upon the Defense Base Act. Suppose thereafter, it is judicially determined that the Defense Base Act does not apply to this case because: (1) The decedents were independent contractors and not employees; (2) They were not engaged in any of the six types of work to which the Act applies; and/or (3) The wrongful conduct was intentional and not negligent.

This Court would then find itself in the position of exercising federal jurisdiction over two state law claims, premised upon the anticipated defense of the Defense Base Act, which it

2

ultimately concludes does not apply to the instant act. It is precisely this type of legal conundrum that is sought to be avoided by the long-standing principle that an anticipated defense cannot form the basis of federal subject matter jurisdiction.

## STATEMENT OF LAW

### A. The Facts Contained in the Complaint Control, and Extrinsic Evidence Must be Disregarded.

The most basic precept in the determination of a motion for remand is that the factual allegations contained in the Complaint govern the analysis of whether the Complaint states a claim "arising under" the Constitution, laws or treaties of the United States. *See Taylor v. Anderson*, 234 U.S. 74, 75 (1914). This most fundamental principle has been ignored by the Defendants' opposition brief. Instead of focusing on the facts contained in the Complaint in arguing against remand, the Defendants have relied upon their own sets of facts by way of declarations, exhibits, contracts, and novels submitted to the court. In opposition to a motion which is premised *exclusively* upon the facts found within the four corners of the Complaint, the Defendants have attempted to introduce more extrinsic evidence than associated with some motions for summary judgment.

Almost a century ago, the U.S. Supreme Court instructed that "whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Taylor v. Anderson*, 234 U.S. 74, 75 (1914); *see also Gully v. First National Bank*, 299 U.S. 109, 113 (1936) ["Indeed, the Complaint itself will not avail a basis of jurisdiction insofar as it goes beyond a statement of the Plaintiff's cause of action and anticipates or replies to a probable defense."]

Upon review of the instant motion for remand, it is respectfully requested that this court preserve the doctrine of stare decisis by following more than 90 years of U.S. Supreme Court precedence by analyzing the jurisdictional nature of this case upon the factual allegations actually contained in the Complaint.

**B.     Affirmative Defenses, Including Federal Preemption, Do Not Create Federal Subject Matter Jurisdiction.**

The Defendants' Opposition focuses almost exclusively upon the Defense Base Act, and ignores the actual facts and claims contained in the Complaint. The Motion for Remand sets forth in great detail a wealth of binding U.S. Supreme Court decisions which have consistently and continually held that an anticipated defense, even if premised upon federal law, cannot form the basis for federal subject matter jurisdiction. [*Motion*: Section "B," Page 8.] Those cases will not be repeated here, in an exercise of judicial economy.

Nonetheless, particular attention should be given to the defense of federal preemption. Simply because a federal statute *may* preempt or exclude liability on state causes of action, said statute does not create federal subject matter jurisdiction. This precise principle has been clearly articulated by the U.S. Supreme Court not less than three times in the past 20 years. In 1987, Supreme Court held: "Federal pre-emption is ordinarily a federal defense to the Plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63 (1987). Later that same year, the Supreme Court provided further analysis of this principle:

> **Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the Plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.** [Italics in original.] [Emphasis added.] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987).

4

The Supreme Court has also recognized and accepted the fact that state courts will be charged with the task of resolving federal defenses to state law causes of action:

> Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution. For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case "arises under" federal law. *Franchise Tax Board*, 463 U.S. at 10.

In the instant action, the factual allegations and claims contained in the Complaint simply do not "arise under" federal law. This is readily evident by the fact that the Defendants do not even address the facts and claims contained in the Complaint, but instead base their entire argument for removal upon facts contained in extrinsic evidence attached to their Opposition. Such evidence is not proper in consideration of the instant motion for remand. Based upon the facts contained in the Complaint, remand is warranted.

**B.    There is no "Complete Preemption" of the Plaintiff's Claims.**

For there to be "complete preemption" of an entire area of state law, there must be ***clear*** Congressional intent for the subject federal law to obliterate any and all state law. First, the U.S. Supreme Court has never found the Defense Base Act to completely preempt any and all state law. Second, there is nothing in the legislative history of the Defense Base Act which clearly indicates Congress's intention for complete preemption. Third, neither the Fourth Circuit, nor any other Circuit or District court throughout the nation, has ever held that the Defense Base Act complete preempts any and all state law. The only reliance the Defendants have asserted in support of their argument is based upon bits and pieces of *dicta* from a handful of cases, which— when closely examined—never actually address the issue of whether the Defense Base Act completely preempts any and all state law for the purpose of federal removal jurisdiction.

There is a distinction between federal preemption which precludes liability in a case, and

5

"complete preemption" for the purpose of federal removal jurisdiction. This distinction has become lost on Defendants' Opposition. Fortunately, the Fifth Circuit tackled this precise issue, and artfully articulated the distinction, which is incredibly compelling *vis-a-vis* the instant action.

In a case <u>directly on point</u>, *Aaron v. National Union Fire Insurance Company*, 876 F.2d 1157 (5th Cir. 1989), the plaintiffs filed a wrongful death action in state court, arising out of the death of an individual working as a longshoreman. The defendants removed the case to federal court, based upon the anticipated defense of the exclusivity provision of the Longshore and Harbor Workers Compensation Act. The defendants then filed a motion to dismiss, claiming the LHWCA barred the wrongful death action. The District Court grant the motion to dismiss. Plaintiff appealed, claiming the removal was improper, and the Fifth Circuit <u>reversed</u>.

The same issue contained in the instant case was address by the Court in *Aaron*, except in the context of the LHWCA, instead of the Defense Base Act. The Defendants argued that the exclusive remedy provision of the LHWCA is a federal question, and although asserted as a defense, it completely preempts state law. In a well-reasoned decision, the Fifth Circuit analyzed general removal jurisdiction and the exception thereto. First, the Court found that, on the face of the plaintiffs' complaint, there were no claims "arising under" any federal law. *See Id.* at 1160. Second, the Court recognized the long-standing principle that an anticipated defense, even under federal law, cannot serve as the basis for federal removal jurisdiction. *See Id.* at 1160-61.

Consequently, the only remaining issue was whether the LHWCA "completely preempts" state law to convert the Plaintiffs' state law claim into one over which the federal court could exercise original jurisdiction. The Court analyzed the "completed preemption" exception as set forth in *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557 (1968). *See Id.* at 1161. First, the Court recognized that, up until that point in time, there had only been a judicial finding that two federal statutes completely preempted state law: the LMRA and ERISA. *See Id.* at 1162-63.

6

Next, the Court analyzed the LHWCA to determine whether it has the same force and effect as those statutes to completely preempt state law. The Court concluded it does not.

> In the case before us, neither party argues that the plaintiffs could have brought their wrongful death action in federal court. The LHWCA contains no civil enforcement provision akin to that in section 301 of the LMRA. No specific federal cause of action is set forth in the statute that would be available to the plaintiffs in this case. Thus, the LHWCA does not serve to "create" a cause of action in either state or federal court in the circumstance before us. *Id.* at 1164.

Nonetheless, the defendants argued that the LHWCA expressly denies the plaintiff's cause of action, and thus there exists complete preemption. However, the Court rejected this argument, and noted that there is a distinction between federal preemption of liability and complete preemption for the purpose of removal jurisdiction:

> However, the "express denial" of a cause of action will always be present where federal law preempts state law. Every time federal preemption is asserted as a defense, and the defendant seeks to use that defense as a basis for removal jurisdiction, the defendant can assert that the "express denial" language of *Franchise Tax* is satisfied. <u>Something more must therefore be required to create removal jurisdiction if the well-pleaded complaint rule is to have continued vitality, a result clearly indicated by the cases.</u> [Emphasis added.] *Id.* at 1165.

Ultimately, the Court expressly and undeniably found that the LHWCA does NOT have the preemptive force to create federal removal jurisdiction:

> The LHWCA contains no specific jurisdictional grant similar to those found in ERISA and the LMRA. On the contrary, federal question jurisdiction can only be obtained from claims regarding the LHWCA under the general federal question provisions of *28 U.S.C. § 1331* (1976). Further, the legislative history of the statute is devoid of any indication of the kind of congressional intent to exist with respect to ERISA. **The argument that the LHWCA is among the few statutes to which the *Avco* exception will apply must therefore fail.** There is no federal cause of action the plaintiffs could have pleaded, and the parties have not pointed to, nor have we found, any expression in the statute or the legislative history of congressional intent to apply something similar to *Avco* exception. **The exclusivity provision of section 905, coupled with the admittedly broad scope of the LHWCA, is not enough under *Avco*, *Franchise Tax* and *Taylor* to create an *Avco* exception. The LHWCA is, in this case, nothing more than a statutory defense to a state-court cause of action — the classic circumstance of non-removability.** [Emphasis added.] *Id.* at 1165-66.

7

The Court further noted that since the *Avco* exception was created in 1968, Congress has twice amended the LHWCA, at which times it certainly could have expressed its intention for complete preemption. However, it did not. "Further, we note that broad amendments were made to the statute in both 1972 and 1984. Thus, the statute has been amended twice since the decision in *Avco* and once since the passage of ERISA and the legislative history of the amendments is similarly devoid." *Id.* at 1166, fn 14.

By the same token, the Defense Base Act has been amended by Congress <u>five</u> times since its enactment, and the plain language and legislative history of the amendments is similarly devoid of any intent by Congress for complete preemption. With both of these statutes and their subsequent amendments, Congress certainly had the opportunity to express its intention for them to provide complete preemption—but declined to do so.

Finally, if the legal analysis surrounding the Defense Base Act and the LHWCA was not enough, from a practical standpoint, complete preemption simply does not pass logical muster. First, the Defense Base Act only applies to "employees." *See* 42 U.S.C. §1651(a). Therefore, Congress did not intend for the Act to completely preempt all state law, in that it does not apply to independent contractors. Second, the Defense Base Act only applies to six specific categories of employment. *See* 42 U.S.C. §1651(a)(1)-(6). Therefore, Congress did not intend for the Act to completely preempt all state law, in that it does not apply to actions in which the employment falls outside these six categories of work. Third, the Defense Base Act only applies to negligent conduct and not intentional torts. *See Bowen v. Aetna Life and Casualty Company*, 512 So.2d 248, 249-50 (1987) [Citing a long line of federal and state cases.] Therefore, Congress did not intend for the Act to completely preempt all state law, in that it does not apply to actions in which the injury is caused by the intentional conduct of another.

Consequently, while the Defense Base Act may apply to the specific situations articulated

8

in the Act, it does not apply to all state court actions, and thus was not intended to completely preempt an entire area of state law.

### C. A "Substantial Federal Interest" is Not a Ground for Federal Removal Jurisdiction.

Defendants contend that there exists federal removal jurisdiction because this case involves a "substantial federal interest." [*Opposition:* Page 16.] However, federal subject matter jurisdiction does not simply arise out of a contention that a case touches upon a "substantial federal interest." Practically speaking, in that one court may consider an issue to be "substantial" and another court may not, there would be complete chaos if *jurisdiction* were dependent upon the subjective opinion of whether an issue was "substantial."

Instead, federal removal jurisdiction only exists if there is: (1) original jurisdiction [28 U.S.C. § 1331]; or (2) complete diversity of citizenship [28 U.S.C. § 1332]. *See* 28 U.S.C. § 1441. Federal subject matter jurisdiction is strictly limited to these two instances and is not created by a contention that a substantial interest is involved. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 376 (1994).

"To ensure federal courts do not overstep their authority, federal precedent 'scrupulously confine[s]' removal jurisdiction. The United States Court of Appeals for the Fourth Circuit has held that 'remand is necessary' where any doubt exists for removal jurisdiction. Therefore, removal is warranted only when absolutely necessary under federal law." *Contreras v. Thor Norfolk Hotel, L.L.C.*, 292 F. Supp. 2d 794, 796 (D. Va., 2003).

In the instant case, the Plaintiff's Complaint for wrongful death and fraud does not "arise under" the Constitution, laws or treaties of the United States, and Defendants did not remove

9

based upon diversity of citizenship. Thus, whether the Defendants claim this case touches upon a "substantial federal interest" is immaterial to whether federal subject matter jurisdiction exists.

Further, while the Defendants proselytize this notion of a substantial federal interest, in reality, the only interest that they are concerned with is their own private corporate interest in avoiding liability for the wrongful deaths of Scott Helvenston, Mike Teague, Jerry Zovko and Wesley Batalona. If any interests are paramount in this case, they are those of the four individuals who were lured into employment with the Defendants, and lost their lives as a result. The true interests to be focused upon are those of the mothers, daughters, wives and other family members who are without their loved ones because of the Defendants' wrongful conduct.

The BLACKWATER Defendants have made tens of millions of dollars upon the "privatization" of the Iraq war. However, when it comes to their own liability, they do not want to be considered as a private corporate entity, but instead want to align themselves with the United States government and characterize this matter as one of "substantial federal interest." BLACKWATER cannot have its cake and eat it too. As a private security company, reaping private profits, they should be held accountable for their wrongful conduct, just like every other private corporation in America.

## CONCLUSION

Based on the foregoing, it is respectfully requested that this court remand the case back to the North Carolina Superior Court, Wake County, for want of jurisdiction, and award Plaintiff recovery of attorney's fees in the amount of $12,123.

This 15th day of March 2005.

CALLAHAN & BLAINE, APLC

By: _____
DANIEL J. CALLAHAN (Cal. Bar No. 91490)
BRIAN J. McCORMACK (Cal. Bar No. 167547)
MARC P. MILES (Cal. Bar No. 197741)

3 Hutton Centre Drive, Suite 900
Santa Ana, California 92707
(714) 241-4444
Fax: (714) 241-4445
Attorneys for Plaintiff
RICHARD P. NORDAN, as the Ancillary Administrator of the separate Estates of STEPHEN S. HELVENSTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO and WESLEY J.K. BATALONA

KIRBY & HOLT, LLP

By: _____
DAVID F. KIRBY (N.C. Bar No. 7841)
WILLIAM B. BYSTRYNSKI (N.C. Bar No. 20883)
P.O. Box 31665
Raleigh, North Carolina 27622
(919) 881-2111
Fax: (919) 781-8630
Attorneys for Plaintiff
RICHARD P. NORDAN, as the Ancillary Administrator of the separate Estates of STEPHEN S. HELVENSTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO and WESLEY J.K. BATALONA

G:\2525\2525-02\Pleadings\Federal\Remand Reply BW.wpd

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing **Plaintiff's Memorandum of Law in Reply to Blackwater Defendants' Opposition to Motion for Remand** in the above-entitled action on all of parties to this cause by depositing a copy, postage prepaid, in the United States Mail, addressed as follows:

Fred F. Fielding
Margaret A. Ryan
*Attorneys for Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc.*
Wiley Rein & Fielding LLP
1776 K Street, NW
Washington, DC 20006

Kirk G. Warner
Mark A. Ash
*Attorneys for Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc.*
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP
P. O. Box 2611
Raleigh, NC 27602

Ralph J. Caccia
William C. Crenshaw
Don R. Berthiaume
*Attorneys for Justin L. McQuown*
Powell Goldstein, LLP
901 New York Avenue, NW, 3rd Floor
Washington, DC 20001

Patricia L. Holland
Rachel Esposito
*Attorneys for Justin L. McQuown*
Cranfill, Sumner & Hartzog, L.L.P.
P. O. Box 27808
Raleigh, NC 27611-7808

This is 17 day of March, 2005.

David F. Kirby
Kirby & Holt, L.L.P.