

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:05-CV-48-FL(1)



| | |
|---|---|
| RICHARD P. NORDAN, as Ancillary Administrator for the separate Estates of STEPHEN S. HELVENSTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO and WESLEY J. K. BATALONA,<br><br>    Plaintiff,<br><br>v.<br><br>BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; BLACKWATER LODGE AND TRAINING CENTER, INC., a Delaware Corporation; JUSTIN L. McQUOWN, an individual; and THOMAS POWELL, an individual,<br><br>    Defendants. | **OPPOSITION TO PLAINTIFF'S OBJECTIONS TO EVIDENCE** |

Pursuant to 28 U.S.C. §§ 1331 and 1367 and E.D.N.C. Local Rules 7.1 and 7.2, Defendants Blackwater Security Consulting, LLC, and Blackwater Lodge and Training Center, Inc. ("Blackwater") submit this Opposition to Plaintiff's Evidentiary Objections.

The Plaintiff's Objections to Evidence ("Objections") are misplaced. Foremost, the contracts and public records appended to the Opposition to the Motion to Remand ("Opposition") and the declarations authenticating those documents are properly before the Court. The Plaintiff's attempt to artfully plead its federal claims permits the Court to look beyond the Complaint to uncover both the nature of the claims and the underlying facts. Furthermore, the Plaintiff's Objections are, in reality, an end-run around this Court's discrete page limitations and should be stricken in their entirety.

**I.    Plaintiff's Evidentiary Objections Are Unsupported and Without Basis.**

Plaintiff purports to raise evidentiary objections based on relevancy, foundation and authenticity. These objections lack merit and are a transparent effort to complete arguments that could not be addressed

within the Court's page limitations for Reply briefs. *See* E.D.N.C. Local Rule 7.2.[1] Plaintiff's principal argument rests on the circular proposition that the documents are not relevant because the Court is not permitted to go beyond the Complaint – and therefore the documents are not relevant to the case. The initial premise is incorrect, see *infra* at 3-4; the latter premise lacks merit. The question, for evidentiary purposes, is not the limits of the well-pleaded complaint rule but whether the documents meet the relevancy standard set forth in Federal Rule of Evidence 401. The documents easily meet this broad standard. *See United States v. Leftenant*, 341 F.3d 338, 346 (4th Cir. 2003), *cert. denied*, 540 U.S. 1166 (2004) (*citing United States v. Van Metre*, 150 F.3d 339, 349 (4th Cir. 1998)) ("As we have often observed, relevance typically presents a low barrier to admissibility."). "The Federal Rules of Evidence embrace a liberal standard favoring the admission of evidence if it has any probative value for proof of a material fact." *Bettius & Sanderson, P.C. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 839 F.2d 1009, 1014 (4th Cir. 1988) (*citing Young v. Illinois Cent.*, 618 F.2d 332, 337 (5th Cir. 1980)). The documents at issue go directly to the core issue before the Court – whether the DBA precludes remand of this case to state court on either of the bases described in Blackwater's Memorandum of Law in Opposition to Plaintiff's Motion to Remand.

The Plaintiff also asserts foundation and authenticity objections to Mr. Flicker's declaration. The Plaintiff in no way explains or supports the bald assertion that the declaration fails to lay a foundation for the appended documents. Furthermore, the Plaintiff does not challenge the authenticity of the documents but instead questions Mr. Flicker's capacity to attest to their authenticity. Federal Rule of Evidence 901 "requires that a party introducing evidence establish the authenticity of its evidence by demonstrating that

---

[1] The Plaintiff's Objections are nothing more than additional arguments in support of the Memorandum of Law in Reply to the Opposition to Motion to Remand. Specifically, the Plaintiff's Objections constitute further argument concerning the scope of the well-pleaded complaint rule and the corollary artful pleading doctrine. The Local Rules limit the Plaintiff's Reply to ten (10) pages. *See* E.D.N.C. Local Rule 7.2 ("Reply memoranda (where allowed) shall not exceed 10 pages in length, excluding the certificate of service page, without prior court approval."). The Plaintiff should not be permitted to circumvent the page limitations–and essentially double the length of the Reply–by casting arguments in support of remand as putative evidentiary objections. Consequently, the Objections should be stricken in their entirety.

'the matter in question is what its proponent claims.'" *United States v. Jones*, 356 F.3d 529, 535 (4th Cir. 2004), *cert. denied,* 541 U.S. 952 (2004) (*quoting* Fed. R. Evid. 901(a)). Mr. Flicker, whose declaration establishes that the appended documents were obtained directly from the Department of Labor and that such documents are part of the public record in the case, has personal knowledge sufficient to meet the Rule 901 standard. The Plaintiff's objections to foundation and authenticity, to the extent these arguments are sufficiently raised, are without merit. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) (concluding that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

II. **The Plaintiff Cannot Artfully Plead Around Federal Jurisdiction by Failing To Append Operative Documents.**

Plaintiff's relevancy objections merely continue the argument that federal jurisdiction can be avoided by not alleging a DBA claim on the face of the Complaint. To this end, the Plaintiff attempts to ignore operative documents that must be considered in determining whether the Complaint presents a federal question. The Plaintiff's retreat to the well-pleaded complaint rule is of no avail where the state-court complaint has been artfully pled to avoid exclusive federal jurisdiction. *See Shives v. CSX Transp., Inc.*, 151 F.3d 164, 171 (4th Cir. 1998) (looking beyond Plaintiff's complaint to find preemption under the LHWCA); *Rosciszewski v. Arete Assoc., Inc.*, 1 F.3d 225, 231 (4th Cir. 1993) (looking beyond pleading of state counts to uphold removal under the Copyright Act). Crucially, "[a] plaintiff also may not artfully omit facts that indicate federal jurisdiction." *Burda v. M. Ecker Co.*, 954 F.2d 434, 438 n.3 (7th Cir. 1992). Thus, courts routinely look beyond the complaint to uncover both the legal claims and the factual underpinnings of the artfully pled state-court complaint. *See, e.g., Binkley v. Loughran*, 714 F. Supp. 776, 778 (M.D.N.C. 1989).

Here, the challenged contracts are central to Plaintiff's complaint and properly considered by this Court. *See Synergy Fin., LLC v. Zarro*, 329 F. Supp. 2d 701, 704 (W.D.N.C. 2004) (citations and quotations omitted). The remaining challenged documents further serve to reveal the factual underpinnings of the Plaintiff's artfully pled complaint and the bases for this Court's jurisdiction. *See*

3

e.g., *Hearst Corp. v. Shopping Ctr. Network, Inc*, 307 F. Supp. 551, 556 (S.D.N.Y. 1969) ("Thus, the Courts have held that where Federal jurisdiction hinges on a party's having a certain status, the court may ascertain the existence of the status independently of the complaint."); *Espino v. Volkswagen De Puerto Rico, Inc.*, 289 F. Supp. 979, 981 (D.P.R. 1968) ("[I]t has been held that where federal jurisdiction hinges on the parties, or one of them, having a particular status, the court may look beyond the complaint to ascertain that status."). Plaintiff has a duty of candor toward this Court and cannot plausibly ask the Court to ignore operative documents and public records that both conclusively remove this case from the jurisdiction of the state court and foreclose Plaintiff's claims.

### III.   Conclusion

For the aforementioned reasons and for the reasons articulated in previous pleadings, Plaintiff's Evidentiary Objections and Motion to Remand should be denied.

This the 21st day of March, 2005.

WILEY REIN & FIELDING LLP

By: _____
Fred. F. Fielding
D.C. Bar No. 099296
Margaret A. Ryan
CO Bar No. 034687
1776 K Street NW
Washington, DC  20006
(202) 719-7000 (O)
(202) 719-7049 (F)

SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, LLP

By: _____
Kirk G. Warner
N.C. State Bar No. 16238
Mark A. Ash
N.C. State Bar No. 13967
P.O. Box 2611
Raleigh, North Carolina 27602
(919) 821-1220 (O)
(919) 821-6800 (F)

*Attorneys for Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc.*

5

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served the foregoing in the above-entitled action upon all other parties to this cause by facsimile and U.S. Mail, addressed to the following parties:

>David F. Kirby
>William B. Bystrynski
>Kirby & Holt, LLP
>3201 Glenwood Avenue
>Suite 100
>Raleigh, NC 276212
>*Attorneys for Plaintiff*
>
>Daniel J. Callahan
>Brian J. McCormack
>Marc P. Miles
>Callahan & Blaine, APLC
>3 Hutton Centre Drive, Suite 900
>Santa Ana, CA 92707
>*Attorneys for Plaintiff*
>
>Patricia L. Holland
>Rachel Esposito
>Cranfill, Sumner & Hartzog, LLP
>P.O. Box 27808
>Raleigh, NC 27611-7808
>*Attorneys for Defendant Justin McQuown*
>
>Ralph J. Caccia
>William C. Crenshaw
>Don R. Berthiaume
>Powell & Goldstein, LLP
>901 New York Avenue, NW
>Third Floor
>Washington, DC 20001-4413
>*Attorneys for Defendant Justin McQuown*

This the 21st day of March, 2005.

_____
Kirk G. Warner