# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# CIVIL ACTION NO. 5:05-CV-48-FL(1)



FILED
JUN 20 2005
FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| | |
|---|---|
| RICHARD P. NORDAN, as Ancillary Administrator for the separate Estates of STEPHEN S. HELVENSTON, et al., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| BLACKWATER SECURITY CONSULTING, LLC, et al., | ) ) ) |
| Defendants. | ) ) ) |

**NOTICE OF SUBSEQUENTLY DECIDED AUTHORITY AND CLARIFICATION OF REMOVAL NOTICE**

Defendants, Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. ("Blackwater"), hereby give notice of the following subsequently decided authority that was issued after the filing of Blackwater's Motion to Dismiss in the above-captioned action: the March 2, 2005 Order in *Schmidt v. Northrop Grumman Systems, Corp, et al.,* Case No. 3:04-CV-042-JTC (N.D. Ga.) (Attached as Exhibit A). The decision is directly relevant to the issues raised in Blackwater's Motion to Dismiss and supports dismissal of the Plaintiff's Complaint.

In addition, Blackwater hereby clarifies Paragraph 5 of its Notice of Removal, which should read as follows:

5.  ESS Support Services Worldwide, Eurest Support Services (Cyprus) International Ltd. ("ESS") provides catering, design, and build support services to the United States Armed Forces in Iraq and Kuwait pursuant to several contracts. ESS subcontracted some of these services to Regency Hotel & Hospital Company ("Regency") pursuant to a single contract.

#800585_1.DOC

Respectfully submitted this the 20th day of June, 2005.

                WILEY REIN & FIELDING, LLP


By: *Fred F. Fielding by KGW*
    Fred F. Fielding
    D.C. Bar No. 099296
    Margaret A. Ryan
    CO Bar No. 034687
    1776 K Street NW
    Washington, DC 20006
    Telelphone: (202) 719-7000
    Facsimile: (202) 719-7049

    SMITH, ANDERSON, BLOUNT, DORSETT,
    MITCHELL & JERNIGAN, L.L.P.

By: *[signature]*
    Kirk G. Warner
    N.C. State Bar No. 16238
    Mark A. Ash
    N.C. State Bar No. 13967
    Post Office Box 2611
    Raleigh, North Carolina 27602
    Telephone: (919) 821-1220
    Facsimile: (919) 821-6800

*Attorneys for Defendants Blackwater Security Consulting, LLC, and Blackwater Lodge and Training Center, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served the foregoing in the above-entitled action upon all other parties to this cause by U.S. Mail, addressed to the following parties:

        David F. Kirby
        William B. Bystrynski
        Kirby & Holt, LLP
        3201 Glenwood Avenue
        Suite 100
        Raleigh, North Carolina  276212

        Daniel J. Callahan
        Brian J. McCormack
        Marc P. Miles
        Callahan & Blaine, APLC
        3 Hutton Centre Drive, Suite 900
        Santa Ana, California  92707
        *Attorneys for Plaintiff*

        Patricia L. Holland
        Rachel Esposito
        Cranfill, Sumner & Hartzog, LLP
        P.O. Box 27808
        Raleigh, NC  27611-7808

        Ralph J. Caccia
        William C. Crenshaw
        Don R. Berthiaume
        Powell & Goldstein, LLP
        901 New York Avenue, NW
        Third Floor
        Washington, DC  20001-4413
        *Attorneys for Defendant Justin McQuown*

This the 20th day of June, 2005.

                                                        /s/ Kirk G. Warner
                                                        Kirk G. Warner

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

SHARON A. SCHMIDT, individually
and as wife of an Executrix if the
Estate of Tommy B. Schmidt,
BRENT ALAN SCHMIDT, adult
child of Tommy B. Schmidt,

   Plaintiffs,

   v.

NORTHROP GRUMMAN
SYSTEMS, CORP.,NORTHROP
GRUMMAN ELECTRONICS
SYSTEMS INTEGRATION
INTERNATIONAL, INC., CIAO,
INC., JAMES D. HOLLAWAY,
STEVEN J. BILDMAN, individually
and as President of AIR PARK
SALES AND SERVICE, INC. f/k/a
AIRTECH, INC.; LAWRENCE S.
MCCUNE, GERBER LIFE
INSURANCE COMPANY, a wholly
owned subsidiary of Gerber Products
Co.; and A.C. NEWMAN & CO.
INSURANCE CORRESPONDENTS,
INC.

   Defendants.

CIVIL ACTION
NO. 3:04-CV-042-JTC

## ORDER

Pending before the Court are Defendants' Joint Motions to Dismiss

[#20-1] and [#17-1]. The issue in both motions is whether the Longshore and

Harbor Workers' Compensation Act, as incorporated by the Defense Base Act, bars Plaintiffs' tort claims against these Defendants. The Court finds that the claims are barred by this Act. Therefore the motions are **GRANTED**.

## I. Background

On March 25, 2003, Tommy B. Schmidt ("Decedent"), was killed when the plane he was piloting clipped a tree and crashed in Colombia, South America (Amended Compl. at 7). The death occurred in the course of a mission Decedent was performing at Defendants' direction (Amended Compl. at 6-7).

The Complaint does not clearly articulate which company Decedent was working for when he died. It is clear that the Decedent's mission was performed pursuant to a contract between Northrop Grumman Electronics Systems Integration International, Inc. and Northrop Grumman Systems Corp. (collectively "Northrop Grumman") and the United States Department of Defense (Amended Compl. ¶¶ 42-44). Under that contract, Northrop Grumman was to conduct military-like special operations to obtain and provide information to the Colombian Defense Ministry and the United States Department of Defense (Amended Compl. ¶ 21). Northrop Grumman employed Decedent to serve as a Senior Pilot pursuant to its contract with the United States Department of Defense (Amended Compl. ¶ 26). Decedent

2

commenced performance of his contract on January 1, 2003 (Amended Compl. ¶ 24). Defendants James Hollaway ("Hollaway") and Lawrence McCune ("McCune"), Northrop Grumman employees, directed Plaintiff's missions (Amended Compl. ¶ 42).

At some time between March 5, 2003 and March 25, 2003, Northrop Grumman transferred its contract with the Department of Defense to CIAO, Inc. ("CIAO") a new entity incorporated by Steven J. Bildman ("Bildman") and Hollaway on February 24, 2003 (Amended Compl. ¶ 50). Northrop Grumman alerted Decedent that it transferred the Department of Defense contract to CIAO and requested that Decedent accept employment with CIAO (Amended Compl. ¶¶ 45, 57). Decedent did not acknowledge an employment transfer, however, but continued to operate under the direction of McCune pursuant to the Department of Defense contract (Amended Compl. ¶¶ 57, 46). McCune directed Decedent's operations as an employee of Northrop Grumman and later, CIAO (Amended Compl. ¶ 47).

Decedent was piloting a mission under the direction of McCune when he died on March 25, 2003 (Amended Compl. ¶¶ 59-60). On July 26, 2004, Plaintiffs, Decedent's wife and adult son, brought this wrongful death action claiming that negligence by all Defendants caused Decedent's death (Amended compl. ¶¶ 84, 105-107, 138, 142, 149-52). All of Plaintiffs' claims are directly

3

related to and arise out of the plane crash on March 25, 2003.

Defendants Hollaway, McCune, Northrop Grumman Electronics [#17-1] CIAO and Bildman [#20-1] have filed a Motion to Dismiss asserting that the Complaint fails to state a claim upon which relief can be granted. Northrop Grumman and CIAO cite the exclusivity provisions of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-950, as incorporated by the Defense Base Act ("DBA"), 42 U.S.C. §§ 1651-1654, and allege that they were employers of the Plaintiff and, thus, immune from liability in tort. Similarly, Defendants Bildman, Hollaway, and McCune seek immunity under the LHWCA as incorporated by the DBA, because it extends tort immunity to employees and officers of the employer.

## II. Statement of the Law

### A. Legal Standard for Motion to Dismiss

The purpose of a Rule 12(b)(6) motion is to determine whether the plaintiff's complaint adequately states a claim for relief. A motion to dismiss concerns only the complaint's legal sufficiency and is not a procedure for resolving factual questions or for addressing the merits of the case. See 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (2d ed. 1990). Consequently, the Court's inquiry is limited to the contents of

the complaint. GSW, Inc. v. Long County, 999 F.2d 1508, 1510 (11th Cir. 1993).

A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted. Wright & Miller, § 357 at 321. The Supreme Court has determined that a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts" which would entitle plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). In considering a motion to dismiss, the complaint's allegations must be accepted as true and construed in the light most favorable to the plaintiff. See Powell v. United States, 945 F.2d 374, 375 (11th Cir. 1991).

### B. The Longshore & Harbor Workers' Compensation Act ("LHWCA") and Defense Base Act ("DBA")

The LHWCA is a comprehensive legislative scheme requiring certain maritime employers to provide compensation to employees who are disabled or killed in the course of employments that fall within its scope. 33 U.S.C. §§ 901-950. The primary purpose of the Act is to provide maritime employees with a practical and expeditious remedy for work related injuries, while limiting the economic burden on employers by providing that their liability under the Act shall be "exclusive" of all other liability. 33 U.S.C. § 905(a).

5

"The LHWCA thereby strips an employee of the right to maintain a tort action against his employer if he is compensated for injuries covered by the Act." Houston v. Bechtel Assoc. Prof'l Corp., D.C., 522 F. Supp. 1094, 1096 (D.D.C. 1981). The LHWCA expressly extends immunity from liability to officers and other employees of the employer. 33 U.S.C. § 933 (I).

The DBA is a federal workers compensation provision that was enacted in 1941 to extend the provisions of the LHWCA to U.S. Military bases outside of the United States. Davila-Perez v. Lockheed Martin Corp., 202 F.3d 464, 467 (1st Cir. 2000). The DBA incorporates the LHWCA, sections 901-950 of Title 33, including amendments to it. 42 U.S.C. §§ 1651-1654.

The DBA specifically applies to employees of American contractors engaged in construction related to military bases in foreign countries, and to foreign projects related to the national defense regardless of whether the project is located on a military base. See 42 U.S.C. § 1651. The DBA provides that it affords the sole remedy for injuries or death suffered by employees in the course of employment that falls within its scope. 42 U.S.C. § 1651(c). The DBA includes within its scope any employment

> (1) at any military, air, or naval base ... acquired from any foreign sovereign; (2) upon any lands occupied or used by the United States for military or naval purposes in any Territory or possession ... ; (3) upon any public work in any territory or possession outside the continental United States ... ; (4) under a contract entered into

6

> with the United States or any executive department . . . or agency thereof . . . , or any subcontract, or subordinate contract with respect to such contract, where such contract is to be performed outside of the United States and at places not within areas described in subparagraphs (1)-(3) of this subdivision, for the purpose of engaging in public work . . . .

42 U.S.C. § 1651(a).

A "public work" is defined as being for "public use of the United States or its allies, including but not limited to projects or operations under service contracts and projects in connection with the national defense or with war activities . . . ." Id. § 1651(b)(1). Any military purpose is a public use no matter how accomplished. Berven v. Fluor Corp., 171 F. Supp. 89, 90 (S.D.N.Y. 1959).

The courts have created an exception to the exclusive liability provisions where the employee's injury or death is the result of an intentional act. Houston, 522 F. Supp. at 1096. "Nothing short of a specific intent to injure the employee falls outside the scope of § 905(a)." Id. Willful, wanton and reckless misconduct by the employer does not constitute intent. Id. The exception is not implicated even where the employer knowingly permits a hazardous work condition, willfully fails to furnish a safe work place, and willfully violates a safety statute. Id.

7

Administration of the DBA, through the LHWCA, is vested in the United States Secretary of Labor. See 33 U.S.C. § 939. Claims are processed by District Directors of the United States Department of Labor, Office of Workers' Compensation Programs. See id. § 919. Appeals lie to the United States Department of Labor Benefits Review Board, see id. § 921(c).

## III. Analysis

The Plaintiffs' complaint fails to adequately state a claim for relief in tort because it is barred by § 905(a),(1) of the LHWCA and § 1651(c) of the DBA and it fails to allege that Defendants had a "specific intent to injure" Plaintiff. See Houston, 522 F. Supp. at 1096.

The DBA incorporates the LHWCA and provides that an "employee's exclusive remedy is under the LHWCA and not common law if: (1) the employee is engaged in employment outside the continental United States under a contract [or subcontract] entered into by his employer with the United States government; (2) for the purpose of engaging in 'public work' within the meaning of the Defense Base Act, and (3) the employee suffered injury within the course and scope of his employment." Carr v. Lockheed Martin Technical Serv., No. Civ.SA 97 CA-1408-OC, 1999 WL 33290613, at *2 (W.D. Tex. Feb. 8, 1999).

First, at the time of his death, Decedent was employed pursuant to a

8

contract entered into by Northrop Grumman with the United States Department of Defense and later assumed by CIAO (Amended Compl. ¶¶ 42-44, 50). The Decedent's services pursuant to the Department of Defense contract were performed in Colombia, South America (Amended Compl. at 7). The Plaintiff, at all times, acted at the direction of Hollaway and McCune, who were employed by Northrup Grumman and later CIAO (Amended Compl. ¶¶ 42, 47). The company for which Decedent was employed under the contract is a question of fact not relevant to the Court's ruling on the motion to dismiss. Under either scenario, the claims are subject to the DBA.

Second, the purpose of the Department of Defense contract was to conduct military-like special operations to obtain and provide information to the Colombian Defense Ministry and the United States Department of defense (Amended Compl. ¶ 21). The contract at issue was for the "purpose of engaging in 'public work'" as defined by the DBA because it was "in connection with the national defense or with war activities." 42 U.S.C. § 1651(b)(1). Therefore, the LHWCA as incorporated by the DBA applies in this case and preempts Plaintiffs' claims. Id. at § 1651©.

Third, all of the Plaintiffs' asserted claims arise out of the death of Decedent which occurred while he was piloting an aircraft pursuant to the Department of Defense Contract under the direction of Defendants (Amended

9

Compl. at 6-7). As alleged by the Plaintiffs, the injuries and death were suffered during the course and an in the scope of Decedent's employment for Defendants.

The immunity provided to Defendants Northrop Grumman and CIAO is extended to their employees Hollaway, McCune, and Bildman by section 933(i) of the LHWCA, as incorporated by the DBA. McCune and Hollaway were employees of Northrop Grumman and later CIAO. (Amended Compl. ¶¶ 10, 34, 47). As employees or officers of Northrop Grumman and CIAO they were persons in the "same employ" as Decedent. The LHWCA and DBA provides the exclusive remedy to an employee when he is injured "by the negligence or wrong of any other person or persons in the same employ." Traywick v. Juhola, 922 F.2d 786, 787 (11th Cir. 1991) (quoting 33 U.S.C. § 933(I)). For this reason, Defendants McCune's, Hollaway's, [#17-1] and Bildman's [#20-1] Motions to Dismiss are GRANTED.

A Defendant may lose LHWCA and DBA immunity where the Plaintiff demonstrates the employee's injury or death is the result of an intentional act. Houston, 522 F. Supp. at 1096. Plaintiffs' complaint, viewed most favorable to them, does not support an allegation that the Defendants acted with specific intent to injure Decedent. Rather, the Plaintiffs' Complaint alleges that the Defendants acted with conscious, reckless, knowing, willful

10

and intentional disregard of the fact that the airplanes that they furnished their employees were inadequate for their missions (Amended Compl. ¶¶ 83-84, 106, 147). Knowledge and appreciation of a risk is not the same as intent to cause injury. Houston, 522 F. Supp. at 1096. Actions by employees alleging willful, wanton, reckless and unlawful conduct are barred by the DBA. Id. Therefore, the LHWCA's and DBA's immunity provisions bar Plaintiff's tort claims against Defendants. See 42 U.S.C. § 1651(c); Houston, 522 F. Supp. at 1096-97.

In summary, at the time of his death, Decedent was engaged in employment under a contract with the United States Department of Defense to be performed outside of the United States. The contract at issue was for the "purpose of engaging in 'public work,'" as defined in the DBA, because it was "in connection with the national defense or with war activities." See 42 U.S.C. § 1651(b)(1). The Plaintiffs' Complaint does not allege that the Defendants acted with specific intent to injure decedent. Therefore, the LHWCA, as incorporated by the DBA applies in this case and it preempts all of Plaintiff's tort claims. 42 U.S.C. § 1651(c). Accordingly, the motions to

11

dismiss filed by Northrop Grumman, James D. Holloway, Lawrence S. McCune [# 17-1], CIAO, and Steven J. Bildman [# 20-1] are **GRANTED**.[1]

---

[1] Defendant's CIAO and Steven J. Bildman raised other grounds for their motion to dismiss [# 20-1] that will not be considered by this Court because the dismissal renders them moot.

### IV. Conclusion

The joint motions to dismiss of Defendants Northrop Grumman Electronics Systems Integration International, Inc., Northrop Grumman Systems Corp. [#17-1], and CIAO, Inc. [#20-1] are **GRANTED** because, as employers of Decedent, the claims against them are preempted by the LHWCA as incorporated by the DBA. The joint motions to dismiss of Defendants James D. Hollaway, Lawrence McCune [#17-1], and Steven J. Bildman [#20-1] are **GRANTED** because, as persons in the same employ of Decedent, the claims against them are preempted by the LHWCA as incorporated by the DBA.

**SO ORDERED**, this __2nd__ day of March, 2005.

/s/ Jack Camp
JACK T. CAMP
UNITED STATES DISTRICT JUDGE