THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:05-CV-48 FL (1)



FILED
JUN 2 8 2005
FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP. CLK

| | |
|---|---|
| RICHARD P. NORDAN, as Ancillary Administrator for the separate Estates of STEPHEN S. HELVENSTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO and WESLEY J.K. BATALONA,<br><br>        Plaintiffs,<br><br>v.<br><br>BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; BLACKWATER LODGE AND TRAINING CENTER, INC., a Delaware Corporation, JUSTIN L. MCQUOWN, an individual; and THOMAS POWELL, an individual,<br><br>        Defendants. | **RESPONSE TO DEFENDANTS' NOTICE OF SUBSEQUENTLY DECIDED AUTHORITY AND OBJECTION TO DEFENDANTS' CLARIFICATION OF REMOVAL NOTICE** |

Plaintiff Richard P. Nordan hereby objects to the Defendants' "Clarification" of Removal Notice and Responds to their Notice of Subsequently Decided Authority as follows.

I.     **OBJECTION TO CLARIFICATION OF REMOVAL NOTICE.**

The Plaintiff filed the instant action in the Superior Court of Wake County, North Carolina, on January 5, 2005. Thereafter, on January 24, 2005, the Defendants filed a Notice of Removal, removing the instant action to the U.S. District Court for the Eastern District of North Carolina.

Shortly thereafter, the Defendants filed Motions to Dismiss and the Plaintiff filed a Motion for Remand. All of the briefing concerning these motions was completed by March 17, 2005, and submitted to Judge Louise W. Flanagan, on March 24, 2005. Now, five months after filing the original Notice of Removal, and three months after the Motion for Remand was submitted to Judge Flanagan for consideration, the Blackwater Defendants are attempting to change the factual basis upon which this case was originally moved to federal court.

The Plaintiff respectfully submits that this attempt to reconfigure the facts contained in their notice of removal is highly improper and thwarts the principles of notice and fairness set forth in the *Federal Rules of Civil Procedure*. The time frame by which the Defendants had to remove the instant action to federal court, including the articulation of the facts which support the Defendants' removal, has long since passed. Furthermore, Plaintiff notes that the Defendants are attempting to change the facts contained in their Notice of Removal concurrently with their submission of a newly-published District Court Order – as if to subsequently craft the facts contained in the Notice of Removal to suit this newly-published decision.

In all, the Plaintiff hereby objects to the Blackwater Defendants' attempt to redraft the facts contained in the Notice of Removal, which was originally filed five months ago.

II.  **THE ORDER CITED BY THE DEFENDANTS IS IMMATERIAL.**

The Blackwater Defendants direct this court's attention to a court Order from the U.S. District Court for the Northern District of Georgia, Newman Division, as subsequently decided authority.[1] However, the *Schmidt v. Northrop Grumman* [a.k.a., *Schmidt v. Powers*] case has

---

[1] This Order is not "subsequently decided authority," in that it was issued on March 2, 2005, *prior to* Blackwater filing its Opposition to the Motion for Remand [3/7/05] and *prior to* Blackwater filing its Reply Brief regarding the Motion to Dismiss [3/11/05].

nothing to do with the instant action, other than one of the motions to dismiss involved the Defense Base Act. The facts and issues addressed in this unpublished Order are completely immaterial to the instant action. It appears that the Blackwater Defendants are submitting this unpublished Order to the court as part of a "me too" argument; namely, since a District Court in the Northern District of Georgia granted a Motion to Dismiss based upon the Defense Base Act, Blackwater's Motion to Dismiss should similarly be granted in the instant action.

However, the Order in *Schmidt* has no relevance to the court's consideration of the pending Motions to Dismiss, in that it neither addresses, nor decides any of the three primary reasons why the Defense Base Act does not apply in this case. In fact, the unpublished decision in *Schmidt* supports the Plaintiff's position, if anything.

First, the Plaintiff in the instant case contends that the Defense Base Act does not apply in this matter since the decedents were independent contractors of Blackwater, and not employees. The Order in *Schmidt* does not address the issue of the distinction between an independent contractor and an employee for the purpose of the workers compensation benefits under the Defense Base Act. Instead, it merely indicates that the decedent in *Schmidt* was an "employee" and that the Defense Base Act and Longshore and Harbor Workers Compensation Act applies to "employees." [See Order: pg. 5.] As such, the *Schmidt* Order is immaterial to this case.

Second, the Plaintiff in the instant action claims that the Defense Base Act does not apply since the conduct at issue was intentional conduct and not negligent conduct. The *Schmidt* Order actually addresses this distinction, but its conclusion does not assist the Blackwater Defendants. The court in *Schmidt* expressly recognizes that the Defense Base Act does <u>not</u> apply to intentional conduct: "The courts have created an exception to the exclusive liability provisions where the employee's injury or death is the result of an intentional act." [Order: pg. 7.]

The *Schmidt* court then goes on to analyze the pleadings in that case, and ultimately concludes that the plaintiff failed to allege that the complained of conduct of the defendants was intentional. [See Order: pg. 10.] However, this is not an issue in the instant action, in that both of the Plaintiff's causes of action for wrongful death and fraud allege intentional conduct on the part of the Defendants. [See Complaint: ¶¶15, 16, 30, 37, 69, 71, 84 and 88.] As such, the *Schmidt* Order is not relevant to any of the positions taken by the Defendants, and, if anything, supports the Plaintiff's contention that the Defendants' intentional conduct takes this case outside the purview of the Defense Base Act.

Third, the Plaintiff in the instant action contends that the Defense Base Act does not apply since the Decedents were not working within any of the six categories of employment to which the Defense Base Act pertains. In *Schmidt*, the court found that the decedent was clearly working pursuant to a contract between Northrup Grumman and the United States Department of Defense, when his plane, in which he was conducting low altitude spy operations of Columbian drug activity, clipped a tree and crashed. As such, the court determined that the decedent was an employee engaged in employment within one of the six categories defined by the Defense Base Act. However, this determination in the *Schmidt* case has no bearing on the instant action, and there are no allegations contained within the Complaint, or presently before the court, that the employment of the four Decedents in this matter falls within any of the six categories to which the Defense Base Act applies. As such, again, the unpublished decision in *Schmidt* is of no consequence to the instant action.

In all, considering the differences in facts and legal issues between the *Schmidt* case and the instant one, the Order submitted by the Blackwater Defendants simply does not apply to any of their arguments in the Motion to Dismiss, and if anything, actually supports the Plaintiff's

contention that allegations of intentional conduct bring this case outside the purview of the Defense Base Act. Further, this unpublished court Order from the Northern District of Georgia is not binding authority on this court, and due to the complete differences in factual allegations and legal theories, it is not even persuasive authority. Moreover, the cases relied upon by the court in *Schmidt* have almost all been briefed by the parties in the instant action already.

Consequently, the *Schmidt* Order is unnecessary in the court's determination of the pending Motion for Remand and Motions to Dismiss. Nonetheless, should this court consider the *Schmidt* Order in conjunction with these pending motions, it only furthers the Plaintiff's contention that the instant case falls outside of the Defense Base Act.

This 22 day of June, 2005.

                                                      **CALLAHAN & BLAINE, APLC**

By: _____
DANIEL J. CALLAHAN (Cal. Bar No. 91490)
BRIAN J. McCORMACK (Cal. Bar No. 167547)
MARC P. MILES (Cal. Bar No. 197741)
3 Hutton Centre Drive, Suite 900
Santa Ana, California 92707
(714) 241-4444
Fax: (714) 241-4445
Attorneys for Plaintiff
RICHARD P. NORDAN, as the Ancillary Administrator of the separate Estates of STEPHEN S. HELVENSTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO and WESLEY J.K. BATALONA

                     **KIRBY & HOLT, LLP**

By: _____
DAVID F. KIRBY (N.C. Bar No. 7841)
WILLIAM B. BYSTRYNSKI (N.C. Bar No. 20883)
3201 Glenwood Avenue, Suite 100
Raleigh, North Carolina 27612
(919) 881-2111
Fax: (919) 781-8630
Attorneys for Plaintiff
RICHARD P. NORDAN, as the Ancillary
Administrator of the separate Estates of STEPHEN
S. HELVENSTON, MIKE R. TEAGUE, JERKO
GERALD ZOVKO and WESLEY J.K.
BATALONA

G:\2525\2525-02\Pleadings\Federal\Response to New Law.wpd

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing **Response to Defendants' Notice of Subsequently Decided Authority and Objection to Defendants' Clarification of Removal Notice** in the above-entitled action on all of parties to this cause by depositing a copy, postage prepaid, in the United States Mail, addressed as follows:

Fred F. Fielding
Margaret A. Ryan
*Attorneys for Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc.*
Wiley Rein & Fielding LLP
1776 K Street, NW
Washington, DC 20006

Kirk G. Warner
Mark A. Ash
*Attorneys for Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc.*
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP
P. O. Box 2611
Raleigh, NC 27602

Ralph J. Caccia
William C. Crenshaw
Don R. Berthiaume
*Attorneys for Justin L. McQuown*
Powell Goldstein, LLP
901 New York Avenue, NW, 3rd Floor
Washington, DC 20001

Patricia L. Holland
Rachel Esposito
*Attorneys for Justin L. McQuown*
Cranfill, Sumner & Hartzog, L.L.P.
P. O. Box 27808
Raleigh, NC 27611-7808

This is 28 day of June, 2005.

David F. Kirby
Kirby & Holt, L.L.P.