IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:05-CV-48-FL(1)

FILED
JUL 0 1 2005
FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP. CLK

RICHARD P. NORDAN, as Ancillary )
Administrator for the separate Estates of )
STEPHEN S. HELVENSTON, et al., )
                                          )
               Plaintiff,                 )   REPLY TO PLAINTIFF'S OBJECTION
                                          )   TO DEFENDANTS' CLARIFICATION
      v.                                  )   OF REMOVAL NOTICE AND
                                          )   OBJECTION TO PLAINTIFF'S
BLACKWATER SECURITY                       )   ARGUMENT ON SUBSEQUENT
CONSULTING, LLC, et al.,                  )   AUTHORITY
                                          )
               Defendants.                )
_____)

On June 20, 2005, Defendants, Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. ("Blackwater"), filed a Clarification of Removal Notice ("Clarification") to clarify Paragraph 5 of its Notice of Removal. The Clarification does not change the basis of removal or the operative facts of this case. Blackwater respectfully requests the Court to accept its Clarification notice, which merely clarifies the structure of the contracts with the United States government.

Additionally, Blackwater objects to Plaintiff's argument regarding Blackwater's Notice of Subsequently Decided Authority. On June 28, 2005, Plaintiff filed a Response to Defendant's Notice of Subsequently Decided Authority and Objection to Defendants' Clarification of Notice of Removal, which contained nearly three pages of argument regarding the subsequently decided authority provided by Blackwater. Local Rule 7.1(g) expressly allows parties to notify the Court of subsequently decided authority *and* prevents parties from including any argument regarding the significance of the authority: "A *suggestion* of subsequently decided controlling authority, *without argument*, may be filed at any time prior to the court's ruling and shall contain only the

citation to the case relied upon if published or a copy of the opinion if the case is unpublished." (emphasis added). Blackwater complied with the letter and spirit of this Rule, which presumes that this Court can and will determine the relevance of the authority provided. In making substantive arguments regarding the subsequently decided authority, Plaintiff violated Rule 7.1(g). Consequently, the Court should disregard Plaintiff's arguments, which are, in any event, without merit.

Respectfully submitted this the 1st day of July, 2005.

WILEY REIN & FIELDING, LLP

By: *Fred F. Fielding by KGW*
Fred F. Fielding
D.C. Bar No. 099296
Margaret A. Ryan
CO Bar No. 034687
1776 K Street NW
Washington, DC 20006
Telephone:   (202) 719-7000
Facsimile:   (202) 719-7049

SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, L.L.P.

By: *[signature]*
Kirk G. Warner
N.C. State Bar No. 16238
Mark A. Ash
N.C. State Bar No. 13967
Post Office Box 2611
Raleigh, North Carolina 27602
Telephone:   (919) 821-1220
Facsimile:   (919) 821-6800

*Attorneys for Defendants Blackwater Security Consulting, LLC, and Blackwater Lodge and Training Center, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served the foregoing in the above-entitled action upon all other parties to this cause by U.S. Mail, addressed to the following parties:

> David F. Kirby
> William B. Bystrynski
> Kirby & Holt, LLP
> 3201 Glenwood Avenue
> Suite 100
> Raleigh, North Carolina 276212
>
> Daniel J. Callahan
> Brian J. McCormack
> Marc P. Miles
> Callahan & Blaine, APLC
> 3 Hutton Centre Drive, Suite 900
> Santa Ana, California 92707
> *Attorneys for Plaintiff*
>
> Patricia L. Holland
> Rachel Esposito
> Cranfill, Sumner & Hartzog, LLP
> P.O. Box 27808
> Raleigh, NC 27611-7808
>
> Ralph J. Caccia
> William C. Crenshaw
> Don R. Berthiaume
> Powell & Goldstein, LLP
> 901 New York Avenue, NW
> Third Floor
> Washington, DC 20001-4413
> *Attorneys for Defendant Justin McQuown*

This the 1st day of July, 2005.

_____
Kirk G. Warner

3